UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

BRIAN MCTIGUE,

                Plaintiff,

-against-

GOLDMAN & WARSHAW, P.C., d/b/a
GOLDMAN, WARSHAW & PARRELLA

                Defendant.

-----------------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 16 2011 ★
BROOKLYN OFFICE

Civil Action No.:

**CV 11 - 2891**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

WEINSTEIN, J.
CARTER, M.J.

Plaintiff BRIAN MCTIGUE ("Plaintiff"), by and through his attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for his Complaint against the Defendant GOLDMAN & WARSHAW, P.C., d/b/a GOLDMAN, WARSHAW & PARRELLA ("Defendant" or "GWP"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") and New York General Business Law §349.

**PARTIES**

2. Plaintiff is a resident of the State of New York, residing at 3634 215th St., Bayside, NY 11361-2126.

3. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

4. Defendant GWP is a New Jersey company engaged in business of collecting debts with its New York place of business located at 10 Oakland Avenue, Suite 2-4, Warwick, NY 10990.

5. GWP is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 et seq. and 28 U.S.C. §2201.

7. The Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, FIA CARD SERVICES, N.A. f/k/a BANK OF AMERICA, N.A., either directly or through intermediate transactions assigned, placed, transferred, or sold a consumer debt to GWP for collection ("the alleged debt").

11. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12. On information and belief, on a date better known to the Defendant, Defendant began collecting an alleged consumer debt from the Plaintiff.

13. On information and belief, on a date better known to the Defendant, Defendant continued their attempt at collecting the alleged debt from the Plaintiff by sending a collection letter dated July 6, 2010 ("7/6/10 letter"). A true and correct copy of the 7/6/10 letter is attached hereto as ***Exhibit A.***

14. Defendant's 7/6/10 letter contains the name of the law firm printed as the signature.

15. Defendant's 7/6/10 letter is purportedly signed on behalf of GWP by "Carl Zapffe, Esq."

16. Defendant's 7/6/10 letter is not personally signed by "Carl Zapffe, Esq." but rather is signed using an electronic, mass-produced signature.

17. Plaintiff presumed that Defendant's 7/6/10 letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account, as that it is personally signed by a licensed attorney "Carl Zapffe, Esq."

18. Defendant's 7/6/10 letter deceptively misrepresents the level of attorney involvement in violation of 15 U.S.C. §1692e-preface, (3), and (10) and §1692f-preface.

19. Defendant implied to Plaintiff that GWP, a law firm, had analyzed the alleged debt and had rendered legal advice to the creditors concerning the alleged debt by sending the 7/6/10 letter, signed by the law firm and on law firm stationary.

20. Defendant sends the 7/6/10 form letter generated by a computerized debt collection system without any meaningful attorney involvement in the process.

21. Defendant's 7/6/10 letter does include a disclaimer that should make clear even to the "least sophisticated consumer" that the law firm or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney.

22. Defendant's 7/6/10 letter does not include a disclaimer that should make clear even to the "least sophisticated consumer" that at this time no attorney has reviewed the particular circumstances of Plaintiff's alleged debt.

23. Defendant has a policy of sending thousands of letters of this nature, possibly running into the thousands of cases and therefore the possibility of any meaningful review by the three attorneys is impossible.

24. Defendant's 7/6/10 letter claims the amount due and owing on the alleged debt is $48,402.25.

25. Defendant's 7/6/10 letter lists an internal "File Number" for Plaintiff, but provides no original account number or information besides the name of the creditor, thereby making it very difficult for Plaintiff to discern if he even owes this account or if the balance of the alleged debt was calculated properly.

26. Plaintiff suffered and continues to suffer from great personal humiliation, embarrassment, mental anguish and emotional distress as a result of Defendant's harassment and actions.

27. Defendant violated the FDCPA.

28. Due to the Defendant's gross violations of the FDCPA the Plaintiff has been damaged.

29. Plaintiff suffered and continues to suffer from great personal humiliation, embarrassment, mental anguish, stress, emotional distress, and other damages as a result of Defendant's actions.

30. Defendant violated the FDCPA.

31. Defendant violated the NYS General Business Law §349.

32. Therefore due to Defendant's gross violations of the FDCPA and NYS General Business Law §349 the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "32" herein with the same force and effect as if the same were set forth at length herein.

34. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

   a. <u>15 U.S.C. §1692e-preface, (2), (3), (5), and (10)</u>.

   b. <u>15 U.S.C. §1692f-preface and (1)</u>.

35. As a result of defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. The Defendant violated NYS Gen. Bus. Law §349(a).

38. As a result of Defendant's above violations of the New York General Business Law, the Plaintiff has been damaged and is entitled to damages in accordance with the New York General Business Law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff BRIAN MCTIGUE demands judgment from the Defendant GOLDMAN & WARSHAW, P.C., d/b/a GOLDMAN, WARSHAW & PARRELLA as follows:

A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1); and General Business Law

B. For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(A); and General Business Law

C. For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3); and General Business Law

E. A declaration that the Defendant's practices violated the FDCPA and General Business Law

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff BRIAN MCTIGUE hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to a jury trial.

Dated: June 13, 2011

Respectfully submitted,

By: _____
Allison Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone: (866) 479-9500

Facsimile: (866) 688-4300
Attorney for Plaintiff BRIAN MCTIGUE

# EXHIBIT "A"

| New Jersey Office: | GOLDMAN & WARSHAW, PC<br>ATTORNEYS AT LAW<br>in NY d/b/a | New York Office: |
|---|---|---|
| 34 Maple Ave, Ste 101<br>Pine Brook NJ 07058<br>973-439-0077<br>Fax: (973) 439-7204 | **GOLDMAN, WARSHAW & PARRELLA**<br>---------------------<br>✉ Reply to:<br>P.O. Box 2012<br>Pine Brook, NJ 07058<br>877-733-1113<br>Fax 973-439-7204 | 10 Oakland Avenue, Ste 2-4<br>PO Box 597<br>Warwick, NY 10990<br>(845) 544-1783<br>Fax: (866) 541-9926<br><br>NYC DCA. LIC 1251927 |

July 6, 2010

BRIAN MCTIGUE
3634 215TH ST
BAYSIDE NY 11361-2126

    Re:    Creditor: FIA CARD SERVICES, N.A. f/k/a BANK OF AMERICA, N.A.
            Debtor: BRIAN MCTIGUE
            File Number: H0104584    FOR SETTLEMENT PURPOSES ONLY

BRIAN MCTIGUE

This law office represents FIA CARD SERVICES, N.A.. My client is owed the sum of $48,402.25 SETTLEMENT OFFER, my client is willing to accept **the sum of $38,721.80** as settlement in full. Please note, I am not obligated to renew this offer. To select this option simply clip the coupon below and return same to my office with your payment. If you cannot afford to pay this amount then please call so we may try to resolve this matter or visit my firm at www.gwpayonline.com. This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

Very truly yours,
Goldman & Warshaw, P.C.

By: s/ Carl Zapffe Esq.

✂ ----- Feel free to use the coupon below or visit us at www.gwpayonline.com ---------- ✂

( )    Check enclosed for the sum of $38,721.80 as settlement in full for file H0104584.

( )    Please contact me at _____ (telephone) to discuss other payment options.

( )    I will call Please feel free to contact Sonia Ortiz at ext. 138..

EXHIBIT "A"